UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLIE ANN JOURNIGAN,      CASE NO. 09-11090
                                   HON. LAWRENCE P. ZATKOFF
      Plaintiffs,

vs.

THE MEDICAL TEAM,

      Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 8th day of June, 2009.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Remand Case to State Court (Docket #6). Defendant has responded. The facts and legal arguments are adequately set forth in the briefs submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e), this Court ORDERS that Plaintiff's Motion to Remand be decided upon the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Plaintiff's Motion to Remand is DENIED.

**II. BACKGROUND**

Plaintiff was employed by Defendant as a home health care provider in Flint, Michigan, during 2007 and 2008. During her employment term, Plaintiff was accused by her supervisor of taking money from residents of the Defendant's Abby Park location and of not properly passing out medication to residents. Shortly thereafter, Plaintiff was fired or resigned. Plaintiff filed the instant

action in Genesee County Circuit Court, wherein she alleged (1) in Count I - libel and slander by Defendant, and (2) in Count II - intentional infliction of emotional distress by Defendant. With respect to each count, Plaintiff seeks judgment against Defendants for damages in excess of $25,000, "plus costs, interests and attorney fees, together with exemplary damages." Defendant removed the case to this Court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff now asks this Court to remand the case because Plaintiff does not believe Defendant has established diversity jurisdiction.

### III.  OPINION

Plaintiff asserts that Defendant is engaged in forum shopping as it is apparent "there is no basis to meet the jurisdictional requirements." The Court finds that statement inaccurate, at best. In filing its Notice of Removal, Defendants represented that there is complete diversity of the parties because "Plaintiff is a Michigan resident, and Defendant is a Virginia corporation with its principal place of business in Reston, Virginia." As such, the parties are clearly residents of different states for purposes of 28 U.S.C. § 1332. The Court also notes that Defendant has attached to its response brief an affidavit from its Vice President, Nick Tzirimis, who affirms Defendant is incorporated in, and has its principal place of business in, Virginia.

The Court finds the amount in controversy in this case clearly exceeds $75,000. First, Plaintiff assumes that Defendant's refusal to stipulate that the case will be settled for more than $75,000 demonstrates that Defendant believes the amount in controversy is less than $75,000. That assumption is erroneous. The fact that Defendant does not believe that Plaintiff is entitled to $75,000 is not indicative of what the amount in controversy is; rather, it simply reflects Defendant's belief of what the case is worth. Second, in this case, Plaintiff did not include with his motion a signed statement of damages claimed, as required by E.D. Mich. Local R. 81.1(d), and he does not stipulate to a damage award of less than $75,000. If Plaintiff had submitted either of these things, the Court would have the ability to conclude that the amount in controversy is less than $75,000 and

remand this case to state court. Third, in his complaint, Plaintiff seeks at least $25,000 in two separate counts, plus seeks additional damages. When a Plaintiff files suit seeking compensatory damages, exemplary damages, damages for emotional distress and attorney fees and costs, such that it appears from the face of the complaint that damages would exceed $75,000, removal is appropriate pursuant to 28 U.S.C. § 1332 if the citizenship of the parties is diverse. *See, e.g., Kennard v. Harris Corp.*, 728 F.Supp. 453 (E.D. Mich. 1989); *Evans v. Yum Brands, Inc.*, 326 F.Supp.2d 214 (D.N.H. 2004); *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575 (D. Ariz. 2003); *Lewis v. State Farm*, 205 F.Supp.2d 706 (S.D. Tex. 2002). Based on the face of Plaintiff's complaint, the Court finds that there is at least $75,000 in controversy and, as noted above, the parties are diverse.

Accordingly, for the reasons stated above, the Court finds that this case was properly removed to this Court, and that this Court has subject matter jurisdiction over this case, pursuant to 28 U.S.C. § 1332.

## IV.  CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's Motion to Remand Case to State Court is DENIED.

IT IS SO ORDERED.


                                                S/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated:  June 8, 2009

3

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 8, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290