UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLIE ANN JOURNIGAN,

        Case No. 09-11090
   Plaintiff,        Hon. Lawrence P. Zatkoff

v.

MEDICAL TEAM, INCORPORATED,

   Defendant,
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 24, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's "Motion for Excess Costs, Expenses and Attorney's Fees Reasonably Incurred Pursuant to 28 U.S.C. § 1927 and/or the Bad Faith Exception to the 'American Rule'" (Docket #24). Defendant is seeking the costs and attorney fees from Plaintiff's counsel, not from Plaintiff herself. More than three months have passed since Defendant filed its Motion, but Plaintiff's counsel has not filed a response to Defendant's Motion. As discussed below, the lack of response is consistent with the manner in which Plaintiff's counsel failed to prosecute this case and, as such, the Court shall not order a response. In addition, the Court finds that the facts and legal arguments are adequately presented in Defendant's papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted.

For the following reasons, Defendant's Motion is GRANTED.

## II.  BACKGROUND

On or about February 24, 2009, Plaintiff filed a two-count complaint in Genesee County Circuit Court. Plaintiff alleged that Defendant subjected her to "Libel and Slander" (Count I) and "Intentional Infliction of Mental Distress" (Count II) in connection with an investigation that occurred at an assisted living facility where Plaintiff worked. Defendant commenced the investigation after two residents reported that money was stolen from their apartments.

Other than some preliminary matters, including filing the case, helping to prepare a joint case summary in anticipation of the scheduling conference and perhaps attending Plaintiff's deposition (it is unclear whether Plaintiff's counsel did so), Plaintiff's counsel[1] failed to prosecute this case. More specifically,

(a) Plaintiff's counsel served no discovery upon Defendant;

(b) Plaintiff's counsel did not appear at the scheduling conference noticed by the Court;

(c) Plaintiff never filed a witness list, as required by this Court's Scheduling Order; and

(d) Plaintiff never filed a response to Defendant's Motion for Summary Judgment.

When Plaintiff failed to respond to Defendant's Motion for Summary Judgment,

> the Court issued [two] Orders to Show Cause on June 3, 2010, wherein the Court ordered (emphasis in the original orders):

---

[1] It is unclear who was responsible for the representation of Plaintiff throughout the pendency of this case. Thomas L. Stanley is the attorney who filed this case in Genesee County Circuit Court, however, on May 26, 2009, Elwood S. Berry filed a Notice of Appearance in this court (Docket No. 9). No order substituting counsel was ever entered, nor was any such motion filed. As such, for purposes of this Motion, the Court shall consider both Mr. Stanley and Mr. Berry to be counsel for Plaintiff.

    1.    Plaintiff to SHOW CAUSE, in writing, no later than 5:00 p.m. on **June 10, 2010**, why Defendant's Motion should not be granted. ... **In the event Plaintiff fails to timely respond to this Order to Show Cause, the Court shall decide promptly Defendant's Motion for Summary Judgment.**

    2.    Plaintiff TO SHOW CAUSE, in writing, no later than 5:00 p.m. on **June 10, 2010**, why the Court should not dismiss Plaintiff's cause of action for failure to prosecute. ... **In the event Plaintiff fails to timely respond to this Order to Show Cause, Plaintiff's case shall be dismissed.**

When Plaintiff failed to respond to the Orders to Show Cause, the Court entered an Opinion and Order that provided, in part:

> Today is June 16, 2010. Plaintiff has failed to respond to the Court's June 3, 2010, Orders to Show Cause and still has not responded to Defendant's Motion for Summary Judgment. Accordingly, for the reasons stated in the June 3, 2010 Orders to Show Cause, the Court hereby DISMISSES Plaintiff's cause of action, with prejudice.

Thereafter, Defendant filed the Motion presently before the Court, wherein Defendant requests that the Court assess Plaintiff's counsel, and award to Defendant, the aggregate amount of $7,938.00.

### III. ANALYSIS

**A.**    **28 U.S.C. § 1927**

Under 28 U.S.C. § 1927,[2] a district court may require an attorney to personally pay "the

---

[2] Congress amended § 1927 to expressly provide that any attorney who so multiplies proceedings "unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Indeed the legislative history makes clear that the September 12, 1980 amendment was intended to "expand[] the category of expenses the judge might require an

excess costs, expenses, and attorney's fees reasonably incurred" when the attorney "multiplies the proceedings in any case unreasonably and vexatiously." Such sanctions are warranted when an attorney objectively "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater,* 465 F.3d 642, 646 (6th Cir. 2006) (quoting *In re Ruben,* 825 F.2d 977, 984 (6th Cir. 1987)). The purpose of sanctions under Section 1927 is, in part "to deter dilatory litigation practices." *See Red Carpet Studios,* 465 F.3d at 646. Section 1927 sanctions "require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Id.* "Thus, an attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Id. See also Followell v. Mills,* 317 Fed. Appx. 501, 511 (6th Cir. 2009).

**B.     Assessment of Attorney Fees and Costs is Warranted**

In its Motion, Defendant moves for costs, fees and sanctions against Plaintiff's counsel, specifically both Mr. Stanley and Mr. Berry. Significantly, Defendant seeks costs, fees and sanctions against Plaintiff's counsel only for the expenses incurred by Defendant for having to defend this matter after Plaintiff's deposition was taken on October 22, 2009. Defendant seeks costs, fees and sanctions only from that date forward because, based on Plaintiff's testimony at her deposition, that is the date Defendant believes Plaintiff's counsel should have realized that Plaintiff had no viable claim against Defendant. Based on Plaintiff's counsel's failure to take any action to prosecute Plaintiff's claims thereafter, the Court finds it reasonable to conclude that Plaintiff's

---

attorney to satisfy personally to include '. . . attorneys' fees.'" Joint Explanatory Statement of the Committee of Conference, 96th Cong., 2d Sess. 8, reprinted in 1980 U.S. Code Cong. & Ad. News 2781, 2782.

counsel had such a realization.

As described above in Section II above, the Court finds that Plaintiff's counsel did little to prosecute this case, including failing to make any discovery requests or, it seems, undertake any meaningful action in furtherance of Plaintiff's case. Rather, other than filing the complaint and (perhaps) attending Defendant's deposition of Plaintiff, Plaintiff's counsel did nothing to pursue Plaintiff's alleged claims. Specifically, the Court notes the following:

1. Defendant had to research, prepare and file a Motion for Summary Judgment because it was the only way to dispose of a case where Plaintiff's counsel failed to pursue Plaintiff's cause of action;

2. Plaintiff's counsel did not file a response to the Motion for Summary Judgment;

3. Plaintiff's counsel failed to respond to multiple Orders to Show Cause issued by the Court; and

4. Plaintiff's counsel failed to even file a response to the Motion before the Court, notwithstanding the fact that Plaintiff's counsel had two opportunities to respond or object; first, when Defendant sought concurrence from each attorney prior to filing its Motion and then again after the Motion was filed.

In addition, despite Plaintiff's counsel's lack of effort to prosecute Plaintiff's case and Plaintiff counsel's likely conclusion that Plaintiff had no viable claims against Defendant, Plaintiff's counsel never moved to withdraw as counsel or voluntarily dismiss this matter.

Based on the foregoing, the Court finds that: (a) Plaintiff's counsel knowingly disregarded the risk that his/their actions (or inactions, as the case may be) would needlessly multiply the proceedings, and (b) Plaintiff's counsel did "unreasonably and vexatiously" multiply the proceedings. Therefore, for the reasons stated above, as well as those set forth in much greater detail in Defendant's brief in support of its Motion, the Court concludes that: (1) Defendant is entitled to costs and fees in this case, and (2) Plaintiff's counsel can, and must, be held responsible for those

costs and fees, pursuant to 28 U.S.C. § 1927.

**C.  Amount of Assessment**

Defendant seeks an award of: (1) $7,929.60 in total attorney's fees based on 33.6 hours billed at a blended rate of $236.00 per hour, and (2) $11.40 in costs.  Thus, Defendant seeks the aggregate amount of $7,938.00 in costs and attorney's fees for having to defend this matter after Plaintiff's deposition was taken on October 22, 2009.  The Court finds that the number of hours and hourly billing rate requested are reasonable with respect to Defendant's defense of this cause of action. Accordingly, the Court hereby awards Defendant costs and attorney's fees totaling $7,938.00.  The entire $7,938.00 is assessed against, and shall be paid and satisfied by, Plaintiff's counsel.

### IV.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby GRANTS Defendant's Motion for Excess Costs, Expenses and Attorney's Fees Reasonably Incurred Pursuant To 28 U.S.C. § 1927 and/or the Bad Faith Exception to the "American Rule" (Docket #24).

IT IS FURTHER ORDERED that:

(1) Defendant is awarded costs and attorney's fees totaling $7,938.00; and

(2) The entire $7,938.00 is assessed against, and shall be paid and satisfied by, Plaintiff's counsel, Thomas L. Stanley and Elwood S. Berry.

IT IS SO ORDERED.

                                       s/Lawrence P. Zatkoff
                                       LAWRENCE P. ZATKOFF
                                       UNITED STATES DISTRICT JUDGE

Dated:  February 24, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 24, 2011.

s/Marie E. Verlinde
Case Manager
(810) 984-3290